NOT FOR PUBLICATION (Doc. No. 21)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| WILLIAM J. EINHORN, | Civil No. 13-3634 (RBK/JS) |
| Plaintiff, | |
| v. | |
|  | **OPINION** |
| DIMEDIO LIME CO., | |
| Defendant. | |

**KUGLER,** United States District Judge:

This matter is presently before the Court upon the motion of Plaintiff William J. Einhorn ("Plaintiff") for attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(2). (Doc. No. 21). For the reasons discussed herein, Plaintiff's motion is **DENIED**.

**I.      BACKGROUND**

On November 10, 2014, this Court granted Plaintiff's motion for summary judgment and entered an Order of Judgment in favor of Plaintiff against Defendant DiMedio Lime Co. ("Defendant") stemming from Defendant's withdrawal from the Teamsters Pension Trust Fund of Philadelphia and Vicinity, of which Plaintiff is the Administrator. (Doc. No. 20). In addition to withdrawal liability, the Order granted Plaintiff reasonable attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(2), and directed Plaintiff to submit an affidavit in compliance with Local

Rule 54.2 in order to recover the requested fees. Plaintiff now moves before the Court for attorneys' fees.[1] Defendant has not challenged or filed any opposition to the motion.

## II.     DISCUSSION

Attorneys' fees and expenses may be awarded to a successful party in litigation where authorized by statute, court rule, or contract. Apple Corps. Ltd. v. Int'l Collectors Soc., 25 F. Supp. 2d 480, 484 (D.N.J. 1998). 29 U.S.C. § 1132(g)(2) directs that "where judgment in favor of the plan is awarded, the court shall award the plan . . . reasonable attorney's fees and costs of the action, to be paid by the defendant." See Anker Energy Corp. v. Consolidation Coal Co., 177 F.3d 161, 179 & n.9 (3d Cir. 1999) ("[S]ection 502 of ERISA [29 U.S.C. § 1132(g)(2)] requires a district court to award interest, liquidated damages, and reasonable attorneys' fees and costs when a plan successfully enforces a demand for delinquent payments.") Accordingly, Plaintiff is entitled to reasonable attorneys' fees in this matter.

The Supreme Court has held that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The product of this calculation is called the lodestar, which is presumed to yield a reasonable fee. Washington v. Philadelphia Cnty. Court of Common Pleas, 89 F.3d 1031, 1035 (3d Cir. 1996) (citing City of Burlington v. Dague, 505 U.S. 557 (1992)). The party seeking fees bears the

---

[1] The Court notes that Plaintiff has not submitted a brief or a statement that no brief is necessary, in contravention of Local Rule 7.1(d). Such a submission is procedurally deficient, and a court may decline to consider the motion. See Lamberty v. Rosenberg, Civ. No. 05-227, 2008 U.S. Dist. LEXIS 25873, at *2 (D.N.J. Mar. 31, 2008). However, the rule may be relaxed by the court. See Travelers Indem. Co. of Am. v. Coronation Sheet Metal Co., Civ. No. 12-7603, 2013 U.S. Dist. LEXIS 75843, at *4 (D.N.J. May 30, 2013) (reviewing motion on the merits "in the interest of expediency" despite failure to file brief or statement that no brief is necessary). Because Plaintiff indicated in his notice of motion that he would rely on the accompanying Declaration of counsel, this Court will consider Plaintiff's motion despite his failure to comply with the Rule. See Joy v. Perez, Civ. No. 10-1636, 2011 U.S. Dist. LEXIS 5875, at *8 n.1 (D.N.J. Jan. 21, 2011) (citing Damiano v. Sony Music Entm't, Inc., 168 F.R.D. 485, 489 (D.N.J. 1996)) (finding that "the defense's Notice of Motion stating that the motion 'is based on the accompanying affidavit . . .' adequately fulfills" the requirement of the Rule.)

burden of establishing their reasonableness by submitting evidence supporting the hours worked and the claimed rates.  Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990) (citing Hensley, 461 U.S. at 433).  The burden then shifts to the party opposing the attorneys' fees request to contest either the reasonableness of the hours or the rates claimed.  Apple Corps. Ltd., 25 F. Supp. 2d at 485.  Once the opposing party has met this burden, "the court has wide discretion" to determine whether the number of hours reported are reasonable, id., and whether the claimed rates are in accordance with prevailing market rates in the relevant community, Rode, 892 F.2d at 1183 (citing Blum v. Stenson, 465 U.S. 886, 895 (1984)).  Even an unopposed fee application must demonstrate the reasonableness of the requested fees.  See Spectrum Produce Distrib., Inc. v. Fresh Mktg., Inc., Civ. No. 11-6368, 2012 WL 2369367, at *1, *4 (D.N.J. June 20, 2012).

      Here, Plaintiff has failed to make a prima facie showing that the rate charged is reasonable.  "The starting point in determining a reasonable hourly rate is the attorney's usual billing rate, but this is not dispositive."  Pub. Interest Research Grp. of N.J., Inc. v. Windall, 51 F.3d 1179, 1185 (3d Cir. 1995).  The general rule is that a reasonable hourly rate is calculated according to the prevailing market rates in the relevant community.  See, e.g., Blum, 465 U.S. at 895 n.11; Smith v. Phila. Hous. Auth., 107 F.3d 223, 225 (3d Cir. 1997); Washington, 89 F.3d at 1035; Rode, 892 F.2d at 1183.  The moving party must establish that the rates charged reflect those prevailing in the region for similar services by lawyers with comparable skill, experience, and reputation by producing satisfactory evidence "in addition to the attorney's own affidavits."  Washington, 89 F.3d at 1035 (quoting Blum, 465 U.S. at 895 n.11).  The fee applicant's burden may be satisfied by the submission of affidavits of non-party attorneys with personal knowledge

of the hourly rates customarily charged in the relevant community.  See Washington, 89 F.3d at 1036.

Plaintiff requests $25,950 in attorneys' fees and $825.56 in costs.  In support of this claim, Plaintiff provides only the Declaration of his counsel of record, Matthew D. Areman, Esq.  Regarding the hourly rate charged, Areman merely states in his Declaration that "[t]he fee is reasonable, has been necessarily incurred, and has been calculated at the hourly rate of $300.00."  Areman Decl. ¶ 8.  "Mere conclusory affidavits from counsel are not enough to establish the reasonableness of a rate."  Spectrum Produce Distrib., 2012 WL 2369367, at *4 (internal citations omitted) (finding that Plaintiff failed to meet his burden of establishing a reasonable hourly rate where the only discussion of rates was counsel's declaration stating the rate charged).  Furthermore, beyond asserting that Areman "regularly handle[s] ERISA and withdrawal liability cases in both the District of New Jersey and the Eastern District of Pennsylvania," and that attorney Stephen C. Richman, Esq., "is managing partner with the law firm of Markowitz and Richman, has been admitted to practice since 1968, and regularly handles ERISA and withdrawal liability cases before the American Arbitration Association," Areman Decl. ¶¶ 4-5, the Declaration does not discuss the experience of the attorneys in a manner that would assist the Court in determining the reasonableness of the rate charged.  Plaintiff does not offer supporting affidavits of non-party attorneys or any other evidence sufficient to meet his burden of proof regarding the rate's reasonableness.  Consequently, the Court will deny Plaintiff's application for attorneys' fees.[2]  See Wade v. Colaner, Civ. No. 06-3715, 2010 U.S. Dist. LEXIS 138518, at *41 (D.N.J. Dec. 28, 2010) (denying all fees sought by one attorney where documentation was inadequate); Allegro Freight v. World Trucking Express, Civ. No. 07-4294, 2008 U.S. Dist.

---

[2] Because Plaintiff has not met his burden concerning the reasonableness of the rate charged, the Court need not address whether Plaintiff has met his burden of establishing the reasonableness of the hours expended.

LEXIS 81580, at *7 (D.N.J. Oct. 10, 2008) (denying motion for attorneys' fees and costs because plaintiffs did not "satisfy their burden of establishing the reasonableness of the amount claimed"); Veneziano v. Long Island Pipe Fabrication & Supply Corp., 238 F. Supp. 2d 683, 695 (D.N.J. 2002) ("To the extent the affidavit leaves any doubt as to the amount of fees to be awarded, these doubts shall be resolved against an award of fees.")

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorneys' fees and costs is **DENIED WITHOUT PREJUDICE**.  Plaintiff may file a new motion for attorneys' fees to cure the defects addressed by the Court within the requisite time period specified in the Order accompanying this Opinion.[3]

Dated: 4/14/2015                                             s/ Robert B. Kugler
                                                             ROBERT B. KUGLER
                                                             United States District Judge

---

[3] If Plaintiff chooses to file a new motion for attorneys' fees, the Court advises Plaintiff to carefully consider the requirements of Local Rule 54.2, in addition to addressing the deficiencies discussed in this Opinion.  For example, the Court notes that counsel's Declaration fails to set forth "the normal billing rate for each of said persons for the type of work performed" as required by Local Rule 54.2(a)(5).