NOT FOR PUBLICATION                                                      (Doc. No. 26)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

_____
                                                       :
William J. EINHORN,                                    :
                                                       :
                                                       :
                          Plaintiff,                   :        Civil No. 13–3634 (RBK/JS)
                                                       :
            v.                                         :        **OPINION**
                                                       :
DIMEDIO LIME CO.,                                      :
                                                       :
                          Defendant.                   :
_____              :

**KUGLER**, United States District Judge:

        This matter comes before the Court upon the Plaintiff William J. Einhorn's Motion for

Attorneys' Fees and Costs (Doc. No. 26) under the Employee Retirement Income Security Act of

1974 ("ERISA"), 29 U.S.C. § 1132(g)(2).[1] For the reasons stated herein, Plaintiff's Motion is

**GRANTED.**

I.      **BACKGROUND**

        On November 10, 2014, the Court granted Plaintiff's motion for summary judgment and

entered an Order of Judgment in favor of Plaintiff against Defendant Dimedio Lime Co.,

stemming from Defendant's withdrawal from the Teamsters Pension Trust Fund of Philadelphia

and Vicinity. Nov. 10, 2014 Order, at 1 (Doc. No. 20). In addition to withdrawal liability, the

Order granted Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and

directed Plaintiff to submit an affidavit in compliance with Local Rule 54.2 to recover the

_____

[1] Plaintiff is the Administrator of the Teamsters Pension Trust Fund of Philadelphia and Vicinity.

requested fees. *Id.* at 2. On November 19, 2014, Plaintiff moved for attorneys' fees and costs,

seeking $25,950 in attorneys' fees and $825.56 in costs (Doc. No. 21). The Court denied

Plaintiff's motion without prejudice, finding that Plaintiff failed to make a prima facie showing

that the rate charged was reasonable. Apr. 14, 2015 Op. at 3 (Doc. No. 24). On May 1, 2015,

Plaintiff filed this Motion for attorneys' fees and costs, again seeking $25,950 in attorneys' fees

and $825.56 in costs. Pl.'s Motion, Decl. of Matthew D. Areman, Esq. ¶ 10 ("Decl.").

## II.   DISCUSSION

### A.   Attorneys' Fees

The Supreme Court has held that "the most useful starting point for determining the

amount of a reasonable fee is the number of hours reasonably expended on the litigation

multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The

product of this calculation is called the lodestar, which is presumed to yield a reasonable fee.

*Washington v. Philadelphia Cnty. Court of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996)

(citing *City of Burlington v. Dague*, 505 U.S. 557 (1992)). The prevailing party seeking

attorney's fees bears the burden of establishing their reasonableness by submitting evidence

supporting the hours worked and the rates claimed. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183

(3d Cir. 1990) (citing *Hensley*, 461 U.S. at 433). The burden then shifts to the party opposing the

attorneys' fees request to contest either the reasonableness of the hours or the rates claimed.

*Apple Corps. Ltd. v. Int'l Collectors Soc.*, 25 F. Supp. 2d 480, 485 (D.N.J. 1998). Once the

opposing party has met this burden, "the court has wide discretion" to determine whether the

number of hours reported are reasonable, and whether the claimed rates are in accordance with

prevailing market rates in the relevant community. *Rode*, 892 F.3d at 1183 (citing *Blum v*

*Stenson*, 465 U.S. 886, 895 (1984)). Even an unopposed fee application must demonstrate the

reasonableness of the requested fees. *See Spectrum Produce Distrib., Inc. v. Fresh Mktg., Inc.*, Civ. No. 11–6368, 2012 WL 2369367, at *1, *4 (D.N.J. June 20, 2012).

### 1.    Reasonable Hourly Rate

A reasonable hourly rate "is to be calculated according to the prevailing market rates in the relevant community." *Rode*, 892 F.2d at 1183. Counsel is required to establish, by satisfactory evidence beyond its own affidavits, that the rates charged reflect those prevailing in the region for similar services by lawyers with comparable skill, experience, and reputation. *Washington*, 89 F.3d at 1035. Counsel's burden may be satisfied by the submission of affidavits of non-party attorneys with personal knowledge of the hourly rates customarily charged in the relevant community, or by third party fee structures. *See id.* at 1036; *Spectrum Produce*, 2012 WL 2369367, at *4 n.4. Here, the only evidence presented by counsel besides his own affidavit is the 2014 Philadelphia Community Legal Services ("CLS") survey of Philadelphia lawyer attorney's fees. Decl. Attachment A.

The Third Circuit has relied on CLS figures to establish a reasonable hourly rate where the parties "offer very little evidence pertaining thereto." *See Maldonado v. Houstoun*, 256 F.3d 181, 187–88 (3d Cir. 2001); *cf. D'Orazio v. Washington Twp.*, 501 Fed. App'x. 185, 187 (3d Cir. 2012) (noting that the Third Circuit did not "adopt" the CLS fee schedule in *Maldonado*, but "used it in one instance."). The District of New Jersey has likewise approvingly utilized the CLS fee schedule in various circumstances. *See, e.g.*, *Spectrum Produce*, 2012 WL 2369367, at *4–5 (applying CLS figures *sua sponte* to reduce requested fees where counsel failed to provide evidence of reasonableness besides their own conclusory statements). The Eastern District of Pennsylvania has noted that the CLS survey may be relied upon in cases where there is an absence of sufficient evidence or the absence of objection. *See, e.g.*, *Damian J. v. Sch. Dist. of*

*Philadelphia*, Civ. No. 06–3866, 2008 WL 1815302, at *2 n.7 (E.D. Pa. Apr. 22, 2008), *aff'd*, 358 Fed. App'x. 333 (3d Cir. 2009) (collecting cases).

Because Defendant has not objected to Plaintiff's use of the CLS survey, the Court finds its use is appropriate in this matter. Counsel avers that the underlying case was handled by two attorneys, Stephen Richman, Esq., and Matthew D. Areman, Esq. Decl. ¶¶ 11–12. Counsel states that Mr. Richman is managing partner with the law firm Markowitz and Richman, has been practicing for forty-seven years, and regularly handles ERISA and withdrawal liability cases. *Id.* ¶¶ 5, 12. The CLS fee schedule indicates that the general rate for attorneys with more than twenty-five years of experience is $600 to $650 per hour. Decl. Attachment A. Despite his experience, Mr. Richman billed at $300 per hour on this matter. Decl. ¶ 12. Therefore, the Court finds that Plaintiff's requested rate of $300 is reasonable for Mr. Richman.

Regarding Mr. Areman, counsel certifies that he is a partner with the firm Markowitz and Richman, regularly handles ERISA withdrawal liability cases, and has twelve years of experience as an attorney. *Id.* ¶¶ 1, 4, 11. The CLS schedule indicates that attorneys with between eleven and fifteen years of experience generally bill between $350 and $520 per hour. Decl. Attachment A. In this matter, Mr. Areman billed at $300 per hour. Decl. ¶ 11.[2] The Court finds that Plaintiff's requested rate of $300 is reasonable for Mr. Areman.

### 2.     Reasonableness of Hours Expended

To calculate whether the hours expended by an attorney were reasonable, it is the court's responsibility to "review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are

---

[2] Mr. Areman also cites several ERISA cases where he was awarded attorney's fees at the rate of $300 per hour, including by this Court. *See* Decl. ¶ 11 (citing, e.g., *Einhorn v. Highway Safety Sys., Inc.*, Civ. No. 13–2021, 2015 WL 5567303, at *4 (D.N.J. Sept. 22, 2015)).

'excessive, redundant, or otherwise unnecessary.'" *Maldonado*, 256 F.3d at 184. Counsel seeking attorney's fees "must include fairly definite information as to hours devoted to various general activities[.]" *Evans v. Port Auth. of New York & New Jersey*, 273 F.3d 346, 361 (3d Cir. 2001). In reviewing the hours claimed, a court cannot reduce an award *sua sponte*; there must be specific objections from the opposing party. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 711 (3d Cir. 2005).

In this matter, counsel sets forth the summary of services rendered and hours billed to Plaintiff from the work of both Mr. Areman and Mr. Richman. Decl. ¶ 10. Plaintiff requests compensation for 86.50 hours of attorney work product. *Id.* Mr. Areman indicates that the fees sought by counsel relate to the time spent on arbitration, preparation of the Complaint, and preparation of the motion for summary judgment. *Id.* The Court finds that 86.50 hours is a reasonable number of hours expended on this matter.

The 86.50 hours worked, at a rate of $300 per hour, yields a lodestar of $25,950.00. The Court finds $25,950.00 in attorneys' fees to be reasonable for this matter.

### B.    Costs

Plaintiff also seeks costs in the amount of $825.56. These costs include a filing fee, service of process, travel costs, a corporate records search, and photocopies and postage. The Court finds that these costs are reasonable.

## III.    Conclusion

For the foregoing reasons, Plaintiff's Motion is **GRANTED**. Defendant shall pay Plaintiff $25,950.00 in attorneys' fees and $825.56 in costs.

Dated:    10/09/2015                                                 s/ Robert B. Kugler

                                                         ROBERT B. KUGLER

                                                         United States District Judge